UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALTON WYATT ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:14-0006 |
| ] | Judge Trauger |
| MARK KOVACH, et al. ] | |
|     Defendants. ] | |

# O R D E R

The Court has before it a *pro se* prisoner complaint (Docket Entry No. 1) under 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Docket Entry No. 2).

It appears from the application that the plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

The plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

1

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff is a pre-trial detainee at the Davidson County Criminal Justice Center in Nashville. He has been charged with aggravated arson. The plaintiff believes that his court appointed attorney, Mark Kovach, has not rendered effective assistance of counsel. The plaintiff also is suing a fire investigator, Roy Watson, and his arresting officer, James Jarvis, alleging that his rights have been violated as he awaits trial.

The Court is obliged to consider matters of jurisdiction, *sua sponte* if necessary. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir. 1985). In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that federal courts should not enjoin pending state criminal proceedings begun prior to the institution of a federal suit except in the very unusual situation where an injunction is necessary to prevent both immediate and irreparable injury. *Id.*, at pg. 46. Thus, the abstention doctrine announced in Younger counsels federal courts to abstain from hearing challenges to pending state court proceedings, where interference by a federal court would disrupt the comity between state and federal courts. *Id.*, at pgs. 37-38; *see also* Tindall v. Wayne County Friend of the Court, 269 F.3d 533, 538 (6th Cir. 2001).

Abstention in favor of a state court is proper where (1) the state criminal proceeding is ongoing; (2) an important state interest is implicated by the criminal proceeding; and (3) there is an adequate opportunity in the state criminal proceeding to raise constitutional challenges. Middlesex

County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982). A federal court should not abstain, however, if the petitioner demonstrates extraordinary circumstances such as bad faith, harassment, flagrant unconstitutionality, or another unusual circumstance warranting equitable relief. Fieger v. Thomas, 74 F.3d 740, 750 (6th Cir. 1996).

The state criminal proceeding being challenged by the petitioner is ongoing. A State has an important interest in enforcing its criminal laws. Moreover, the petitioner has the ability under state law to appeal any adverse action arising from his prosecution. The petitioner has shown no unusual circumstances sufficient to warrant federal intervention at this time. Therefore, this Court is compelled to abstain from interfering with the petitioner's ongoing criminal prosecution.

Younger established the principle that when abstention is appropriate, a federal court should not exercise jurisdiction but instead should dismiss the case in its entirety. Gibson v. Berryhill, 411 U.S. 564, 577 (1973). For that reason, this action is hereby DISMISSED without prejudice.

An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the plaintiff is NOT certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3). Nevertheless, should the plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505.00) or submit a new application to proceed in forma pauperis with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

The Clerk is directed to send a copy of this order to the Sheriff of Davidson County to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge

4